## KELLY TO USE v. KINTZING.

### March 7, 1838.

*Rule to show cause of action, and why defendant should not be discharged on common bail.*

1. An affidavit to hold to bail which avers that the defendant is indebted to the plaintiff in a sum, " for goods sold and delivered by said plaintiff to him said defendant," is good, although it should omit to state that the sale and delivery were " at the defendant's request."[a]

2. *It seems* that an affidavit with the averment " for goods sold and delivered by the deponent *for* the defendant," is insufficient.

3. *It seems* that an affidavit with the averment " for goods sold, &c., by the plaintiff *to and for the use* of the defendant," is insufficient.

" JAMES LYND, Jr., one of the firm of James Lynd, Jr. & Co., to whose use the above suit is brought, being duly affirmed according to law saith, that the above named Charles Kintzing is justly and truly indebted to said James M. Kelly in the sum of five hundred and sixty-three dollars and twenty-five cents for *goods* sold and delivered by said James M. Kelly, to him the said Kintzing, and that said debt has been assigned by said Kelly to the above named firm of James Lynd & Co., and that said Kintzing is further indebted to said firm of James Lynd & Co., on a promissory note for $60 drawn by him said Kintzing due and unpaid ; and this deponent further saith, that said Charles M. Kintzing, to the best of deponent's knowledge and belief, is about to quit this commonwealth without leaving sufficient real and personal estate therein sufficient to satisfy his demand."

*Hopkins,* for the rule.
*Fallon,* contra.

PER CURIAM.—The forms in the books of practice, of affidavits to hold to bail, are unquestionably in accordance with the views of the defendant's counsel.   For besides the statement that the goods were sold and delivered by the plaintiff to the defendant, they contain the averment that the sale and delivery were *at the defendant's request.*   But this averment is unnecessary.   To say

---

[a] *Vide* Benedict *v.* Whartenby, Comly *v.* Goldsmith, McCanles *v.* Frederickson, and Young *v.* Corder, in this volume.

[*Kelly to use v. Kintzing.*]

that the goods were sold and delivered *by* the plaintiff *to* the defendant is plain and positive language, implying a dealing *together* by the parties named—an *agreement* between them on a subject explicitly specified without the slightest ground for any conflicting inference. Even in the King's Bench where the decisions, especially during the time of Lord Tenterden, were very strict on this subject, in no instance within our knowledge was more exacted than the affidavit in this case contains. On the contrary, the decision in Bell *v.* Thrupp, 18 *E. C. L. R.* 99 ; (1 *Chitty's Rep.* 331,) 2 *B. & A.* 596, *assumes the sufficiency of a similar affidavit,* for it was there held that an affidavit stating that the defendant was indebted to the plaintiff " for goods sold and delivered by this deponent *for* the defendant," was not sufficient. ABBOTT, C. J. assigns the objections to it in these words: " The affidavit to hold to bail in this case, imported that the goods had been sold and delivered *for* the defendant, and NOT TO him. We are not to proceed upon any intendment in cases of this nature, because the court must judge of the real import of the words. The court has often said they will not reason in a case where the words ought to be precise and positive. The affidavit to hold to bail has the effect of depriving the party of his liberty, and therefore it should be couched in words precise and positive, and ought not to be left to matter of inference or argument."

So in Dumford *v.* Messiter, 5 *Mau. & Sel.* 446, where the language was " for goods sold and delivered by the plaintiff *to and for the use* of the defendant," the affidavit was considered *defective,* the court saying " the goods may, consistently with this affidavit, have been sold and delivered to a *third* person *for the defendant's use, without his being acquainted with the transaction ;* and if so, he cannot be charged with them. An affidavit which is to operate in restraint of the liberty of a party ought to use *unequivocal* language." The *equivocal* language " *to and for the use* of the defendant," like " *for* the defendant," in Bell *v.* Thrupp, constituted the objection which ruled the decision in this *second* case. We fully subscribe to this doctrine, but as we have before said, there is no pretence for a similar objection in the case before us. It is free from all ambiguity.

PETTIT, *President,* was absent from indisposition.

Rule discharged.